NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE XOFT, INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 983

---

On Petition for Writ of Mandamus to the United States District Court for the District of Delaware in case no. 10-CV-308, Judge Leonard P. Stark.

---

ON PETITION

---

Before BRYSON, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

## O R D E R

Xoft, Inc. seeks a writ of mandamus directing the United States District Court for the District of Delaware to vacate its order denying Xoft's motion to transfer venue, and to direct the Delaware district court to transfer the case to the United States District Court for the Northern District of California. Carl Zeiss Surgical

GmBH and Carl Zeiss Meditec, Inc. (Zeiss) oppose. Xoft replies.

In denying Xoft's motion to transfer, the district court found that the plaintiffs' choice of forum favored denying the transfer motion and that additional private interest factors either weighed neutral or only slightly favored transfer. Namely, it identified Xoft's incorporation in Delaware, domestic and international business presence, and the failure to identify unavailable witnesses or proofs of evidence for a trial in Delaware. The district court further found that the public interest factors do not strongly favor transfer. It determined that many factors are neutral, and that others such as the convenience and expense of trial in Delaware, if anything only slightly favored transfer.

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35 (1980). A court may deny mandamus relief "even though on normal appeal, a court might find reversible error." *In re Cordis Corp.,* 769 F.2d 733, 737 (Fed.Cir.1985).

Section 1404(a) provides that a district court may transfer a case to another district or division where it might have been brought for the convenience of the parties and witnesses. In reviewing a district court's ruling on a motion to transfer pursuant to § 1404(a), we apply

the law of the regional circuit, in this case the Third Circuit. *See Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 836 (Fed. Cir. 2003). Under Third Circuit precedent, this court reviews denials of motions to transfer for abuse of discretion. *Jumara v. State Farm Ins.,* 55 F.3d 873, 878 (3d Cir. 1995). The Third Circuit has held that "unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail." *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970).

Xoft argues that the district court placed too much emphasis on the plaintiff's choice of forum. In the Third Circuit, that choice is afforded considerable weight and should not be lightly disturbed. The district court properly considered the relevant factors for a transfer motion and determined that the factors did not strongly favor transfer. The petitioners have failed to satisfy the demanding standard required to justify the issuance of a writ of mandamus.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

_AUG 1 7 2011_                          /s/ Jan Horbaly
Date                                    Jan Horbaly
                                        Clerk

cc:  James W. Geriak, Esq.
     Kurt L. Glitzenstein, Esq.
     Clerk, United States District Court for the District of
Delaware

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 1 7 2011

JAN HORBALY
CLERK

s24